IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| **BRANDON ADAMS,** | ) | |
| | ) | |
| Plaintiff, | ) | 1:19-cv-2333 |
| | ) | |
| v. | ) | |
| | ) | |
| **FIRST ADVANTAGE BACKGROUND** | ) | |
| **SERVICES CORPORATION,** | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT

NOW COMES the plaintiff, BRANDON ADAMS, by and through his attorneys, SMITHMARCO, P.C., and for his complaint against FIRST ADVANTAGE BACKGROUND SERVICES CORPORATION, the plaintiff states as follows:

### I. PRELIMINARY STATEMENT

1. This is an action for actual and statutory damages for violations of the Fair Credit Reporting Act, 15 U.S.C. §1681, et. seq.

### II. JURISDICTION & VENUE

2. Jurisdiction arises under the Fair Credit Reporting Act (hereinafter "FCRA"), 15 U.S.C. §1681, et. seq., and pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1337.

3. Venue is proper in this district pursuant to 28 U.S.C. §1391(b).

### III. PARTIES

4. BRANDON ADAMS, (hereinafter, "Plaintiff") is an individual who was at all relevant times residing in the City of Villa Park, County of DuPage, State of Illinois.

1

5. At all relevant times, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. §1681a(c).

6. FIRST ADVANTAGE BACKGROUND SERVICES CORPORATION, (hereinafter, "Defendant"), is a business entity that provides employment screening services to various third-parties.

7. Defendant is registered as a Corporation in the State of Illinois and has its principal place of business located at 1 Concourse Parkway NE, Suite 200, Atlanta, GA 30328.

8. At all relevant times Defendant was a "person" as that term is defined by 15 U.S.C. §1681a(b).

9. At all relevant times Defendant was a "consumer reporting agency" as that term is defined by 15 U.S.C. §1681a(f).

10. At all relevant times, Defendant was acting by and through its agents, servants, and/or employees, who were acting within the course and scope of their agency or employment, and under the direct supervision and control of Defendant.

### IV. ALLEGATIONS

11. At all relevant times, "background reports" as alleged in this pleading are "consumer reports" as that term is defined by 15 U.S.C. §1681a(d).

12. Among other things, the FCRA regulates the collection, maintenance and disclosure of consumer credit report information by consumer reporting agencies.

13. Among other things, Defendant sells consumer reports to employers who wish to screen job applicants.

14. Some of the consumer reports Defendant sells to employers contain information regarding a job applicant's criminal arrest and conviction history.

2

15. When a consumer reporting agency prepares a consumer report, it is required by the FCRA to follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates.

16. As a consumer reporting agency, when it prepares a consumer report, Defendant is required to follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates.

17. In and around August 2018, Plaintiff, through a workforce management company, True Blue, sought employment with Adesa Auto Auction (hereinafter, "AAO").

18. In and around August 2018, began working at AAO.

19. As part of its routine background check on its employees, on or about August 28, 2018, True Blue requested that Defendant provide information regarding, among other things, the character and general reputation of Plaintiff.

20. On or about August 30, 2018, Defendant prepared and sold a consumer report to True Blue, purportedly regarding the character and general reputation of Plaintiff.

21. Despite its obligations pursuant to the FCRA, Defendant has been reporting derogatory and inaccurate statements and information relating to Plaintiff and Plaintiff's character and general reputation to third parties (hereinafter the "inaccurate information").

22. The inaccurate information of which Plaintiff complains is a putative conviction for "Aggravated Unlawful Use of Weapon".

23. Plaintiff has never been arrested, tried or convicted of the erroneous offense that appeared in the background report prepared by Defendant and sold to True Blue.

24. Specifically, Plaintiff asserts that Defendant mismatched criminal background history with another individual named Brandon Adams, that he is not said individual, and that he has never been convicted of the offense reported by Defendant.

25. Despite the foregoing, Defendant has disseminated consumer reports containing the aforesaid inaccurate information to various third-parties, including True Blue.

26. The inaccurate information negatively reflects upon Plaintiff and Plaintiff's character and general reputation.

27. The background reports have been and continue to be disseminated to various persons and potential employers, both known and unknown.

28. As of the result of the inaccurate information reported by Defendant to True Blue, Plaintiff's assignment at Adesa Auto Auction was immediately terminated.

29. Despite its obligations to comply with the FCRA, Defendant prepared and sold a report purporting to contain information regarding Plaintiff's character and general reputation yet said report contained information regarding an unknown third party that did not have the same Social Security Number as Plaintiff and did not have the same middle initial as Plaintiff.

30. Defendant failed to follow reasonable procedures to assure the maximum possible accuracy of the information it reported about Plaintiff to True Blue and other unknown third parties.

31. Plaintiff has been damaged, and continues to be damaged, in the following ways:

   a. Loss of employment opportunity;

   b. Emotional distress and mental anguish associated with having incorrect derogatory personal information transmitted about Plaintiff to other people both known and unknown;

4

32. At all times pertinent hereto, the conduct of Defendant, as well as that of its agents, servants and/or employees, was malicious, intentional, willful, reckless, and in grossly negligent disregard for federal and state laws and the rights of Plaintiff herein.

33. Pursuant to 15 U.S.C. §1681n and 15 U.S.C. §1681o, Defendant is liable to Plaintiff for engaging in the following conduct:

    a. Willfully and negligently failing to employ and follow reasonable procedures to assure maximum possible accuracy of Plaintiff's credit report, information and file, in violation of 15 U.S.C. §1681e(b).

34. The conduct of Defendant was a direct and proximate cause, as well as a substantial factor, in bringing about the injuries, damages and harm to Plaintiff that are outlined more fully above and, as a result, Defendant is liable to Plaintiff for the full amount of statutory, actual and punitive damages, along with the attorneys' fees and the costs of litigation, as well as such further relief, as may be permitted by law.

## V. JURY DEMAND

35. Plaintiff hereby demands a trial by jury on all issues so triable.

## VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff, BRANDON ADAMS, by and through his attorneys, respectfully prays for Judgment to be entered in favor of Plaintiff and against Defendant as follows:

    a. All actual compensatory damages suffered;

    b. Statutory damages of $1,000.00;

    c. Punitive damages;

    d. Plaintiff's attorneys' fees and costs; and,

    e. Any other relief deemed appropriate by this Honorable Court.

                                            Respectfully submitted,
                                            **BRANDON ADAMS**

                                By:   s/ David M. Marco
                                            Attorney for Plaintiff

Dated: April 5, 2019

David M. Marco
IL Bar No. 6273315/FL Bar No. 125266
SMITHMARCO, P.C.
55 W. Monroe Street, Suite 1200
Chicago, IL 60603
Telephone:   (312) 546-6539
Facsimile:    (888) 418-1277
E-Mail:       dmarco@smithmarco.com